```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
NATHAN DODELL a/k/a ALLAH KASIEM,       :
                    Petitioner,         :   09 Civ. 9902 (DLC)
                                        :
            -v-                         :   OPINION & ORDER
                                        :
JAMES WALSH, Superintendent,            :
                    Respondent.         :
                                        :
----------------------------------------X
```

Appearances:

Pro Se Petitioner:

Nathan Dodell
PIN:  83A0783
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733


DENISE COTE, District Judge:

On July 10, 2009, pro se prisoner Nathan Dodell ("Dodell") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in New York Supreme Court in 1983.  By Order dated December 2, Chief Judge Preska ordered Dodell to show cause by affirmation filed within sixty (60) days why his petition is not untimely.  Dodell filed a responsive affirmation on December 17, and his petition was reassigned to this Court on January 6, 2010.  For the following reasons, Dodell's petition for a writ of habeas corpus is dismissed as time-barred.

BACKGROUND

On February 8, 1983, Dodell was convicted after a jury trial in New York Supreme Court of four counts of murder in the second degree. Dodell was sentenced to an aggregate term of imprisonment of 50 years to life. Dodell appealed his conviction. The Appellate Division affirmed and the Court of Appeals denied Dodell leave to appeal. In his affirmation submitted in response to the December 2, 2009 Order, Dodell indicates that "based on his recollection," the Appellate Division and Court of Appeals decisions were "rendered in 1985."

Dodell sought post-conviction collateral relief in New York state court. His affirmation indicates that he filed a petition for a writ of error coram nobis in the Appellate Division in 1997. The Appellate Division denied his petition on January 15, 1998. People v. Dodell, 669 N.Y.S.2d 115 (1st Dep't 1998). Almost ten years later, in or around January 2008, Dodell filed a motion in New York Supreme Court to vacate his judgment of conviction pursuant to N.Y. Crim. Proc. L. § 440.10. Dodell's § 440.10 motion, which was based on a claim of ineffective assistance of counsel at trial, was denied in June 2008. Dodell sought leave to appeal the denial of his § 440.10 motion, but the Appellate Division denied his request in August 2008.

On July 10, 2009, Dodell delivered a petition for a writ of habeas corpus to prison officials for delivery to this Court.

2

In his habeas petition, Dodell claims that he was denied effective assistance of counsel at his trial in violation of the Sixth and Fourteenth Amendments.  Specifically, Dodell alleges that his trial counsel failed: (1) to conduct a thorough investigation of Dodell's claim of actual innocence; (2) to advise Dodell properly whether it would be in his best interest to accept a plea offer; (3) to convey to the trial judge that Dodell was willing to accept the plea offer; (4) to consult with Dodell regarding the results of counsel's investigative efforts; (5) to call certain witnesses in Dodell's defense; (6) to impeach a certain witness; and (7) to object to purported police and prosecutorial misconduct related to the alleged intimidation of a defense witness.  In his habeas petition, Dodell claims that his application is timely because it was filed within one year of the Appellate Division's denial of leave to appeal his § 440.10 motion in August 2008.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 26, 1996.  Among other things, AEDPA amends 28 U.S.C. § 2244 to require that habeas petitions brought under 28 U.S.C. § 2254 be filed no later than one year after the completion of state court direct review.  See 28 U.S.C. § 2244(d)(1)(A); Smith v. McGinnis, 208 F.3d 13, 15

(2d Cir. 2000) (per curiam).  Prisoners like Dodell, whose "convictions became final prior to the AEDPA's effective date of April 24, 1996, [had] a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997." Smith, 208 F.3d at 15.  Section 2244 also has a tolling provision that applies to both the statute of limitations and the one-year grace period.  Section 2244(d)(2) states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Dodell's conviction became final sometime in 1985, before the effective date of the AEDPA.  Accordingly, Dodell obtained the benefit of the one-year grace period and had until April 24, 1997, to file a federal habeas corpus petition.  Smith, 208 F.3d at 15.  Further, assuming that Dodell's coram nobis petition was pending within that one-year grace period, it would have triggered the tolling allowance in § 2244(d)(2), thereby giving Dodell until January 15, 1998 (the date the Appellate Division denied his coram nobis petition) to file a federal habeas petition.  Since Dodell delivered his habeas petition to prison officials on July 10, 2009, it is considered filed as of that date.  See Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001) (per curiam).  As such, Dodell's petition is untimely under §

4

2244(d)(1)(A) because it was filed over eleven years after the January 15, 1998 deadline.  The fact that Dodell filed in January 2008 a § 440.10 motion, for which the Appellate Division denied Dodell leave to appeal in August 2008, does not render his habeas petition timely.  "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."  Smith, 208 F.3d at 17 (emphasis added).

In his affirmation, Dodell argues that his habeas petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(B).  Section 2244(d)(1)(B) provides that a habeas petition by a state prisoner will be considered timely if it is filed within one year of the "date on which [an] impediment to filing an application created by State action in violation of the Constitution . . . [was] removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B) (emphasis added); Valverde v. Stinson, 224 F.3d 129, 136 (2d Cir. 2000).  Dodell contends that due to "gross negligence," the New York State Department of Correctional Services ("DOCS") lost his "relevant legal papers at Clinton Correctional Facility in 1996, Elmira Correctional Facility in 1999, and Sullivan

5

Correctional Facility on November 20, 2009."[1]  Dodell claims that the loss of his legal papers was a "State created impediment by DOCS" that "prevented [him] from filing a federal habeas corpus petition in a timely manner."

The intentional confiscation of a prisoner's habeas petition and related legal papers may, in certain circumstances, constitute an "impediment to filing an application created by State action in violation of the Constitution."  See Valverde, 224 F.3d at 133 ("The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law."); see also Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987) (holding that "intentional obstruction of a prisoner's access to the courts" by means of confiscating his legal work product "is precisely the sort of oppression that [violates] the Fourteenth Amendment").

In this case, Dodell does not allege that DOCS intentionally confiscated his habeas petition or related legal papers.  Rather, he contends that they were lost due to DOCS' "gross negligence" during his transfers to and from various correctional facilities.  Even if Dodell had alleged intentional

---

[1] Dodell also alleges that on November 20, 2009, a corrections officer "confiscated one bag full of legal papers relevant to the instant habeas corpus [petition]."  Dodell's habeas petition had already been filed, however, on July 10, 2009.

6

misconduct, however, he would still have to show that he was "prevented from filing" his habeas petition due to the loss of his legal papers.  See Valverde, 224 F.3d at 134.  There is no suggestion in Dodell's petition or affirmation that he could not have obtained copies of whatever state court papers that might have been required to file a petition or that he could not have filed a petition with a summary of his claims and a request for additional time to obtain the lost copies of his state court papers.  Indeed, despite the purported loss of his legal papers at Clinton Correctional Facility in 1996, Dodell was still able to file a petition for a writ of error coram nobis in state court sometime in 1997.  As such, Dodell's habeas petition is not timely pursuant to 28 U.S.C. § 2244(d)(1)(B).

Dodell also argues in his affirmation that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(D).  Where applicable, subsection (D) "resets" the beginning of the statute of limitations as "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000).  To determine when a petitioner's claim accrued, a court must ask "when a duly diligent person in petitioner's circumstances would have discovered" the factual predicate of the claim presented in the habeas petition.  See Wims, 225 F.3d at 190.

Dodell's habeas petition rests on a claim that he was denied effective assistance of counsel at trial. Typically, such a claim would be discoverable through the exercise of due diligence within a reasonable amount of time after conviction. Dodell argues, however, that it was impossible for him to have discovered his claim through the exercise of due diligence because his trial counsel "withheld material evidence" from him. Dodell claims that it was not until <u>after</u> he filed his § 440.10 motion in January 2008 that his trial counsel responded with "exhibits of numerous withheld material evidence" that Dodell had never seen before.

Dodell's attempt to reset the statute of limitations for his habeas petition pursuant to 28 U.S.C. § 2244(d)(1)(D) fails. Dodell does not provide any description of the purportedly "withheld material evidence," much less demonstrate how such evidence was required in order for him to bring the ineffective assistance of counsel claim outlined in his habeas petition. Nor has Dodell made any attempt to show that the factual predicate for his ineffective assistance claim could not have been discovered through the exercise of due diligence prior to July 2009. In fact, Dodell's habeas petition indicates that his January 2008 § 440.10 motion was also based on a claim of ineffective assistance of trial counsel. Dodell must therefore have been aware of the factual predicate for such a claim <u>prior</u>

8

to the filing of his § 440.10 motion, and prior to the receipt of his trial counsel's response that allegedly contained "exhibits of numerous withheld material evidence." As such, Dodell has failed to show that the statute of limitations for his habeas petition should be reset pursuant to 28 U.S.C. § 2244(d)(1)(D).

Finally, Dodell's affirmation might be construed as a request to equitably toll the deadline for filing his habeas corpus petition. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." Valverde, 224 F.3d at 133 (citation omitted). "[A] habeas petitioner seeking equitable tolling must show that extraordinary circumstances prevented him from filing his petition on time." Id. (citation omitted). In addition, the petitioner must have acted with reasonable diligence throughout the period he seeks to toll. Id. at 134. For substantially the same reasons discussed above with respect to Dodell's attempt to invoke subsections (B) and (D) of 28 U.S.C. § 2244(d)(1), Dodell has failed to demonstrate that "extraordinary circumstances" prevented him from filing his petition on time, or that he acted with "reasonable diligence" through the almost eleven years he seeks to toll. Accordingly, the statute of limitations for Dodell's habeas petition may not be equitably tolled.

9

CONCLUSION

Dodell's July 10, 2009 petition for a writ of habeas corpus is dismissed as time-barred. Dodell's application for the appointment of counsel is denied as moot. In addition, the Court declines to issue a certificate of appealability. Dodell has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         February 19, 2010

                                    _____
                                    DENISE COTE
                                    United States District Judge